UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONALD ROY HUHN, JR., <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations, <br><br> Defendant. | CASE NO. C18-57-BAT <br><br> **ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING FOR FURTHER PROCEEDINGS** |

Plaintiff Ronald Roy Huhn, Jr., seeks review of the denial of his application for Disability Insurance Benefits. He contends the ALJ erred by (1) excluding cervical torticollis[1] at step two, (2) rejecting Mr. Huhn's testimony about medication side effects, and (3) discounting opinions describing limitations caused by Mr. Huhn's bipolar disorder. Dkt. 11 at 1. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Mr. Huhn is currently 54 years old, has two years of college education, and has worked as a truck mechanic. Tr. 279-80. On July 28, 2014, he protectively applied for benefits, alleging

---

[1] Both parties and the ALJ incorrectly refer to Mr. Huhn's condition as "tortocolitis," but the medical records refer to "torticollis." *See* Tr. 966-67.

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING
FOR FURTHER PROCEEDINGS - 1

disability as of January 1, 2003.[2] Tr. 201-07. His application was denied initially and on reconsideration. Tr. 120-22, 124-25. The ALJ conducted a hearing on August 23, 2016 (Tr. 47-76), and subsequently found Mr. Huhn not disabled. Tr. 19-32. As the Appeals Council denied Mr. Huhn's request for review, the ALJ's decision is the Commissioner's final decision. Tr. 1-6.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[3] the ALJ found:

**Step one:** Mr. Huhn had not engaged in substantial gainful activity since October 25, 2012.

**Step two:** Mr. Huhn's status post right rotator cuff repair; affective disorders variously diagnosed as bipolar, mood, and depressive disorders; anxiety disorders variously diagnosed as anxiety and agoraphobia; insomnia; and alcohol abuse, in remission, are severe impairments.

**Step three:** These impairments did not meet or equal the requirements of a listed impairment.[4]

**Residual Functional Capacity:** Mr. Huhn can perform light work with additional limitations: he can lift/carry 20 pounds occasionally and 10 pounds frequently. He can sit for six hours and stand/walk for six hours in an eight-hour workday. He can perform postural activities on an unlimited basis except that he can never climb ladders, ropes, or scaffolds. He can frequently reach overhead with his right upper extremity. He must avoid concentrated exposure to hazards such as heights and dangerous moving machinery. He has sufficient concentration to understand, remember, and carry out simple, routine tasks. He can maintain concentration and pace in two-hour increments for simple, routine tasks with usual and customary breaks throughout an eight-hour workday. He can work superficially and occasionally with the general public (with "superficial" meaning he can refer the public to others to resolve their demands/requests, but that he does not have to resolve those demands/requests).

**Step four:** Mr. Huhn cannot perform his past work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that Mr. Huhn can perform, he is not disabled.

---

[2] At the hearing, Mr. Huhn amended his alleged onset date to November 1, 2011. Tr. 50.

[3] 20 C.F.R. §§ 404.1520, 416.920.

[4] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING
FOR FURTHER PROCEEDINGS - 2

Tr. 19-32.

**DISCUSSION**

**A.     The ALJ's Step Two Findings—Torticollis**

Mr. Huhn was diagnosed with acquired torticollis in 2015 and referred to physical therapy for evaluation and treatment, but there is no evidence that he ever pursued this. *See* Tr. 966 (April 22, 2015 note stating that Mr. Huhn "was referred to physical therapy but has yet to go."). The two treatment notes (both from April 2015) that mention torticollis do not describe any functional limitations that result from this condition. Tr. 965-67. Mr. Huhn argues the ALJ should have included torticollis as a severe impairment at step two.

Mr. Huhn's argument is not persuasive. The ALJ found Mr. Huhn's failure to follow up with the recommended physical therapy for his torticollis suggests his symptoms were not especially severe.[5] Tr. 22. This is a reasonable inference from the evidence. Furthermore, the lack of any evidence in the record suggesting that Mr. Huhn's torticollis caused any functional limitations that would satisfy the 12-month durational requirement indicates the ALJ did not harmfully err in finding Mr. Huhn's torticollis did not significantly limit his ability to perform basic work activities. *See* 20 C.F.R. § 404.1522 (defining a non-severe impairment as a condition that "does not significantly limit your physical or mental ability to do basic work activities"). Mr. Huhn bears the burden at step two, and has not shown the ALJ's finding that his torticollis was not severe was harmful error.

**B.     Mr. Huhn's Testimony About Medication Side Effects**

The ALJ noted Mr. Huhn stated that his mood stabilizers caused hand tremors as a side

---

[5] Mr. Huhn told his provider that he had not previously followed up with physical therapy because of a prior manic episode (Tr. 966), but that does not explain why he subsequently failed to follow up.

effect. Tr. 25. The ALJ rejected that allegation in light of evidence that Mr. Huhn occasionally denied medication side effects, and also reported the ability to play the guitar. Tr. 28.

Mr. Huhn did deny medication side effects at times, but also reported or was observed to have hand tremors at other times, and also stated that his hand tremors were exacerbated by stress or being in public. *See, e.g.*, Tr. 790, 804-05, 814-20, 872, 887, 967, 986, 987, 1036. That Mr. Huhn did not report side effects at every appointment, or that he could play his guitar when non-symptomatic, does not establish that he was not suffering from hand tremor. The ALJ's reasoning is not reasonable, and thus the ALJ harmfully erred in rejecting the evidence of Mr. Huhn's hand tremor. On remand, the ALJ shall reevaluate the evidence pertaining to the hand tremors and either credit it or provide legally sufficient reasons to reject it.

**C.     The ALJ's Evaluation of Medical Opinion Evidence**

The record contains a number of evaluations performed by examining providers in connection with Mr. Huhn's worker's compensation claim, including a psychiatric evaluation performed by Gwyneth McConnell, M.D., in March 2015. Tr. 867-75. Dr. McConnell noted Mr. Huhn's psychiatric diagnoses preexisted his industrial injury, but that he had "decompensated mentally to the point where employability is quite difficult[,]" and that he was "not able to work at this time due to mental health issues." Tr. 874.

The ALJ gave little weight to Dr. McConnell's opinion, finding it inconsistent with Mr. Huhn's treatment history and activities. Tr. 29-30. The ALJ found, as Dr. McConnell noted, Mr. Huhn's mental conditions had not prevented him from working before his alleged onset of disability, and there was no evidence of a deterioration in his condition after his alleged onset date. Tr. 30. The ALJ's characterization of the record is not accurate; the record consistently documents Mr. Huhn's condition deteriorated throughout the adjudicated period. Although Mr.

Huhn was able to attend college for part of the adjudicated period, as the ALJ emphasizes (Tr. 30), he eventually had to withdraw because his symptoms were worsening by mid-2014. *See* Tr. 765-80, 812-38, 976-1064. The treatment notes do indicate some waxing and waning of symptoms, such that Mr. Huhn experienced some stability for short periods of time, but the ALJ erred in focusing only on those periods rather than taking the entire context of the record into account. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (holding that the court "may not affirm simply by isolating a specific quantum of supporting evidence[,]" but must review the record as a whole).

Furthermore, the ALJ inaccurately stated the record contains "no indication that [Mr. Huhn] had significant problems maintaining his schedule, attending his appointments, and getting around as necessary." Tr. 30. On the contrary, the treatment record is replete with such indications. *See, e.g.*, Tr. 811 (Mr. Huhn discussing his fears about leaving his home), 814 (Mr. Huhn describes his inability to participate in any family events outside his home, and how he is avoiding getting tires for his vehicle because he does not "want to deal with people"), 831 (Mr. Huhn reports that he "rarely goes anywhere due to his anxiety about dealing with people"), 896 (Mr. Huhn reports difficulty being in a crowd of people), 992 (discussing what steps Mr. Huhn will attempt in order to attend his son's play), 998 (Mr. Huhn reports that he could not attend his son's birthday dinner because of anxiety about being around other people), 1031-32 (Mr. Huhn describes problems interacting with people when in public), 1064 ("Due to the fact that [Mr. Huhn] isn't driving, he rarely leaves the house and is no longer doing his grocery shopping.").

The ALJ also found the mental status examination performed by Dr. McConnell was inconsistent with contemporaneous treatment notes showing "unremarkable" results. Tr. 30. The ALJ cites two treatment notes to support this proposition, but both of these notes document

mental health symptoms. Tr. 884 (mentioning Mr. Huhn's increased anxiety/panic with public contact, but describing him as more calm with good sleep), 996 (describing Mr. Huhn's anxiety as "relatively mild[,]" but the mental status examination findings indicate he was tired (even after 10 hours of sleep) and expressed some frustration).

Lastly, the ALJ found Mr. Huhn had underreported his alcohol use to Dr. McConnell, which "casts doubt on his reporting of symptoms." Tr. 30. But the ALJ did not identify an actual discrepancy in Mr. Huhn's self-reported alcohol use: in March 2015, Mr. Huhn told Dr. McConnell that he last used alcohol a month prior (Tr. 873), and then reported to another examining psychiatrist October 2015 that he "uses alcohol[.]" Tr. 947. These statements are not inconsistent and do not suggest that Mr. Huhn underreported his alcohol use to Dr. McConnell.

Because the ALJ's reasons to discount Dr. McConnell's opinion are not legitimate or supported by substantial evidence, the ALJ must reconsider this opinion on remand and either credit it or provide legally sufficient reasons to discount it.

Mr. Huhn also challenges the ALJ's assessment of State agency psychological opinions, which Mr. Huhn repeatedly characterizes as "disabling" opinions or opinions that support a finding of disability. Dkt. 11 at 3, 7, 8; Dkt. 13 at 3. But the State agency psychologists concluded that despite Mr. Huhn's limitations, he was not disabled. *See* Tr. 89-101, 103-16. Although they indicated that when he was symptomatic, he would have "occasional" difficulties with concentration, persistence, and pace ("CP&P"), and possibly attendance, they also found that he was nonetheless able to perform "simple & familiar complex tasks w/reasonable CP&P, attending working w/in customary tolerances." Tr. 98, 113. When the State agency opinions are read as a whole, they indicate that whatever moderate limitations were described therein, the consultants did not find them to be disabling. Thus, because the State agency opinions are not

necessarily inconsistent with the ALJ's RFC assessment or ultimate disability determination, the ALJ was not required to provide reasons to discount those opinions. *See Turner v. Comm'r of Social Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (ALJ need not provide reason for rejecting physician's opinions where ALJ incorporated opinions into RFC; ALJ incorporated opinions by assessing RFC limitations "entirely consistent" with limitations assessed by physician).

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ shall reassess Dr. McConnell's opinion and Mr. Huhn's testimony about the impact of hand tremors; develop the record and reevaluate Mr. Huhn's RFC as appropriate, and proceed to the remaining steps of the disability determination process as needed.

DATED this 12th day of June, 2018.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge